Loring, J.,
delivered the opinion of the court:
The petitioner, for the benefit of Perry Puller, claims a balance of account due him from the United States, amounting to the sum of $27,780 15, and the court finds the facts to be—
1. That on the 20th day of June, 1864, at Fort Smith, in the State of Arkansas, the petitioner contracted in writing with Captain M. S. Adams, assistant commissary of subsistence of the United States military forces then stationed at Fort Smith aforesaid, to furnish the army at that frontier with fresh meat for six months at the fate of 10 cents per pound.
2. At the time the contract was made the petitioner, to assure to himself funds for the completion of the contract by him, contracted with Alexander McDonald and Perry Fuller, bankers at Fort Smith, to sell to them the vouchers he should receive at the current rates of discount at St. Louis, and also to pay them a sum of money equal in amount to one-fifth part of his profits on the contracts, in consideration of their supplying him with the money he should need.
3. That, in execution of said contract with the United States, the petitioner furnished to the army of the frontier 598,709 pounds of fresh beef and received voucher receipts therefor at the rate of 10 cents per pound, amounting to the sum of $59,870 90.
4. That the petitioner, in fulfilment of his contract with said McDonald and Fuller, and in consideration of money paid to him by them, sold and delivered to them said voucher receipts, copies of which are herewith annexed.
*436 5. That said McDonald and Fuller have received, on said vouchers from the United States, at the rate of 5.36 cents per pound for beef delivered, $32,090 74, leaving unpaid of said contract price the sum of $27,780 15, for which this suit is brought.
. That since the delivery of said vouchers to said McDonald and Fuller they have dissolved partnership, and in the division of their assets the said vouchers were set over and accepted by said Fuller as a portion of his share of said assets, and belong to him as his individual property.
At the time the said contract was made Fort Smith was environed by the enemy in great force, and there was great difficulty and risk of loss in procuring supplies or beef cattle, and the petitioner was subjected to loss in cattle captured and driven off, while the army at Fort Smith was on greatly reduced rations and had no fresh beef except that supplied by the petitioner.
That at the time of making the contract the price for beef therein specified, though greatly in advance of prices paid at a former time, was reasonable and fair, under the circumstances then existing.
That when proposals for supplying beef advertised for were received and opened the lowest bid was made by Carlton H. Kelley at 5.36 cents per pound, and the next lowest bid out of four was that of the petitioner. The bid of said Kelley was accepted, but he said, the next day, he could not furnish the bonds and security required except by sending the bonds to Chicago for execution, and this, as the place was surrounded by the enemy and mail communications interrupted and cut off, and trains captured, might require a delay of two or three weeks, which at that time sometimes elapsed between the mails. Under these circumstances the acceptance of the bid of said Kelley was revoked and the contract was awarded to the petitioner.
And on the facts stated the court find that the contract of the petitioner with the United States was legally made; that thereon the United States are liable and the petitioner entitled to judgment for the sum of $27,780 15, to be certified in favor of Perry Fuller, for whose benefit this suit is brought.
In this case there are annexed to the record depositions used before civil and military commissions to support allegations of the United States that the price charged for the beef was fraudulently charged, and the contract made in fraudulent collusion between parties interested in it and the agent of the United States in making it. The findings of these commissions, also annexed to the record, show that the testimony was held not to substantiate the charges. We think it disproves them.